**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

CARROLL SHERON HARRISON,
Petitioner-Appellant,

v.

RONALD F. MOATS, Warden,

Roxbury Correctional Institution;
ATTORNEY GENERAL OF THE STATE OF
MARYLAND,
Respondents-Appellees.

No. 98-6776

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
J. Frederick Motz, Chief District Judge.
(CA-97-1440-JFM)

Submitted: October 20, 1998

Decided: November 17, 1998

Before MURNAGHAN and NIEMEYER, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Thomas M. DiGirolamo, Hagerstown, Maryland, for Appellant. J.
Joseph Curran, Jr., Attorney General of Maryland, Annabelle L. Lisic,
Assistant Attorney General, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Carroll Sheron Harrison was convicted in Maryland state court of the first degree murder of Michael Patterson and the use of a handgun in the commission of a felony. After exhausting all avenues of relief in state court, Harrison filed a petition for a writ of habeas corpus pursuant to 28 U.S.C.A. § 2254 (West 1994 & Supp. 1998) in federal district court alleging various instances of ineffective assistance of counsel. Harrison now appeals the district court's order denying his petition. The district court granted a certificate of appealability and we now affirm the denial of habeas relief.

The evidence presented at trial disclosed that after dinner in Georgetown on November 4, 1989, Harrison, accompanied by his girlfriend, Malika Sulieman, her younger sister, Neema Sulieman, and their friend, Sherrika Callis, decided to pick up his friend, Daymond Parker, to got to the movies. Harrison, driving Malika's parents' car, first drove to his apartment where he placed several shopping bags into the trunk of Malika's parents' car. After picking up Parker, the group then proceeded to Regent Street Station Apartments. Upon their arrival at approximately 11:30 p.m., Harrison and Parker entered the apartments while the others remained in the car. Some time later, Parker returned to the car, retrieved a bag from the trunk, and returned to the apartment. Malika testified that soon thereafter she heard gun shots and noticed a man running from the apartment. She then observed Harrison and Parker running after the man and shooting, Parker with a large gun, and Harrison a smaller gun. Harrison and Parker then returned to the car, and the group proceeded to the movies. Sherrika testified that she did not see Parker or Harrison shoot at anyone; rather, she watched the man running.

With respect to what transpired inside the apartment, Tevin Varney testified that after Harrison and Parker arrived, Harrison frisked

2

Varney. Varney noticed that Harrison had a .38 caliber pistol tucked in the front of his pants. Two other men, Keith Perry and the victim Michael Patterson, then arrived at the apartment. After an argument arose over the sale of a rock of crack cocaine, Parker told Patterson, "I have got something for you." Parker then returned with a brown paper bag. Parker removed an automatic weapon from the bag and fired five shots. Patterson fled the apartment, and Parker and Harrison also ran out of the apartment. Keith Perry, who was a resident of a mental hospital at the time of his testimony, testified consistently with these facts.

Harrison was convicted of first degree murder and the use of a handgun in the commission of a felony and sentenced to life imprisonment with all but forty years suspended on the murder conviction and received a ten year concurrent sentence on the use of a handgun conviction. After exhausting all claims in state court, Harrison filed a petition for a writ of habeas corpus pursuant to 28 U.S.C.A. § 2254 (West 1994 & Supp. 1998). Harrison now timely appeals the denial of that petition.

A district court's decision to deny a petition for a writ of habeas corpus is reviewed de novo. See Ashe v. Styles , 67 F.3d 46, 50 (4th Cir. 1995). Harrison claims his counsel was ineffective in three ways. He maintains that his attorney: (1) erred in not calling Neema Sulieman as a witness; (2) failed to cross examine Perry about his residency in a mental institution; and (3) failed to adequately advise him of his right to testify. To establish a valid ineffective assistance of counsel claim, a petitioner must show that "counsel's performance was deficient," and that "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984). An attorney's performance is deficient if it falls below "an objective standard of reasonableness" and "counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed [petitioner] by the Sixth Amendment." Id. at 687-88. An attorney's performance prejudices the defense if "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id.

We note that a claim that has been decided on the merits by a state court cannot serve as a basis for federal habeas relief unless the state

3

court's decision was: (1) as to a legal question, contrary to a rule of law dictated by clearly established Supreme Court precedent; (2) as to a mixed question of law and fact, an unreasonable application of a rule of law dictated by clearly established Supreme Court precedent; or (3) as to a question of fact, unreasonable in light of the evidence presented in state court proceedings. See 28 U.S.C.A. § 2254(d) (West 1994 & Supp. 1998). An ineffective assistance of counsel claim presents a mixed question of law and fact. See Strickland, 466 U.S. at 698.

Harrison first asserts that based on her statement to the police, Neema would have testified that she heard gun shots while she was in the car that evening, but did not see anyone with a gun. Harrison argues that his counsel erred in not calling Neema as a witness because her testimony would have corroborated Sherrika's testimony that she did not see him shoot anyone and would also discredit Malika's testimony that he shot at the victim. As the district court noted, however, the fact that neither Sherrika nor Neema saw Harrison shoot the victim does not discredit Malika's testimony, especially in light of the fact that Sherrika and Neema both"ducked down," unlike Malika, and therefore could not see the shooters.

It was reasonable for Harrison's counsel to conclude that Neema's testimony would have been merely cumulative of Sherrika's testimony and could have bolstered Malika's testimony given the consistency of Neema's statement to Malika's testimony in all other respects. We therefore find that the district court properly concluded that Harrison failed to demonstrate that his counsel was deficient or that but for counsel's alleged deficient conduct the outcome of his trial would have been different.

Harrison next alleges that counsel was ineffective in failing to cross examine Kenneth Perry about his mental state and his ability to remember. Harrison's counsel explained at the post-conviction hearing that he decided not to cross examine in this respect because Perry's testimony was both helpful and detrimental to Harrison's defense. Perry testified that although he did not see Harrison shoot anyone, he observed Harrison with a gun when Harrison frisked him upon his entry into the apartment. We agree with the district court that counsel's decision was strategic and his assessment did not amount

4

to unreasonable professional assistance. See Strickland, 466 U.S. at 690.

Finally, Harrison avers that counsel failed to adequately advise him of his right to testify in his own defense. At the state post-conviction hearing, Harrison testified that he wanted to testify, but that counsel failed to call him as a witness despite the fact that he informed counsel of his desire to do so. Further responses suggested that counsel advised Harrison not to testify, advice Harrison now regrets accepting. Harrison's counsel, on the other hand, testified that he informed Harrison of his right to testify and told him that it was his decision to make. The state court found that Harrison failed to demonstrate that his will was overborne or that he was coerced into waiving his right to testify. We agree with the district court that the state court's decision was neither an unreasonable application of federal law nor was it based on an unreasonable determination of the facts in light of the evidence.

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5